UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC 2 1 2009

U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 03-550 (JDB)[1] |
| ) | |
| ROBERT NICHOLAS SPADARO, ) | |
| ) | |
| Petitioner. ) | |

# MEMORANDUM OPINION

Robert Spadaro has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He offers three grounds for his petition: he was not competent to assist in preparing his defense; he received an incomplete competency evaluation, thereby denying him due process; and his counsel was prejudicially ineffective in violation of the Sixth Amendment. Upon careful consideration of the parties' memoranda, and for the reasons detailed below, the Court denies Spadaro's petition.

## BACKGROUND

Spadaro is currently in federal custody serving a 186-month sentence for interstate stalking in violation of 18 U.S.C. §§ 2261(a)(1) & 2261(b)(3); using, carrying, and possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); assault with intent to kill while armed in violation of D.C. Code §§ 22-401 & -4502; and possession of a firearm during a crime of violence or dangerous offense in violation of D.C. Code. § 22-4504(b). Following his

---

[1] Although the parties filed some information in this case under seal, nothing referenced in this opinion properly continues to be subject to sealing. Hence, the Court has determined that this opinion can be placed on the public record.

conviction. Spadaro filed a motion for a new trial, alleging ineffective assistance of counsel, and arguing that he involuntarily waived his right to counsel and that his conduct at trial should have convinced the court to rescind that waiver. This Court denied Spadaro's motion after holding an evidentiary hearing, and the Court of Appeals affirmed both that denial and Spadaro's conviction. His habeas petition pursuant to section 2255 followed a year later.

## ANALYSIS

### I. Spadaro's Competency Grounds for Habeas Relief

Spadaro failed to raise his first two grounds for habeas relief on direct review. Accordingly, he has procedurally defaulted the claims that he was not competent to assist with his defense and that he received an incomplete competency evaluation. See Bousley v. United States, 523 U.S. 614, 622 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' or that he is 'actually innocent.'" Id. (citations omitted); accord Murray v. Carrier, 477 U.S. 478, 485 (1986). Spadaro does not contend that he is actually innocent, and therefore he must show cause and actual prejudice to raise his competency-related claims here.

"Cause" for habeas purposes "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the [relevant] procedural rule." Murray, 477 U.S. at 488; accord McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). For example, the petitioner may demonstrate "that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable." Murray, 477 U.S. at 488 (citations omitted); see also Reed v. Ross,

468 U.S. 1, 16 (1984).

Spadaro, however, offers no reason for why he has raised his two competency-related claims for the first time in his habeas petition. He does not contend that these arguments were factually or legally unavailable to him at the time of his direct appeal -- and certainly that was not the case. Nor does he suggest that he was precluded from raising them by any other impediments. Indeed, the only explanation he offers for waiting to raise these claims is his belief that the competency-related grounds are "each . . . more appropriately raised in a Section 2255 proceeding." Pet'r's Mot. to Vacate ("Pet'r's Mot.") [Docket Entry 155], at 5. But Spadaro's belief cannot substitute for the governing law, and his failure to raise these claims on direct review precludes him from doing so in habeas. See Bousley, 523 U.S. at 622.[2]

## II. Ineffective Assistance of Counsel

Spadaro asserts that his trial counsel, Robert Tucker, was prejudicially ineffective for two reasons. First, Tucker failed to file a motion describing Spadaro's inability to assist in his defense. See Pet'r's Mot. at 4; Pet'r's Mem. in Supp. of Mot. to Vacate ("Pet'r's Mem.") [Docket Entry 155], at 11. And second, Tucker allegedly made the decision to proceed to trial without consulting Spadaro. See Pet'r's Mot. at 4; Pet'r's Mem. at 11.

"To prove constitutionally defective representation, the defendant must show (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" United States v. Cassell, 530 F.3d 1009, 1011 (D.C. Cir. 2008) (quoting Strickland v.

---

[2] Because Spadaro has not shown cause for his procedural default, the court need not consider whether he suffered actual prejudice as a result of the alleged errors. Cf. United States v. Frady, 456 U.S. 152, 168 (1982) ("[W]e find it unnecessary to determine whether [defendant] has shown cause, because we are confident he suffered no actual prejudice of a degree sufficient to justify collateral relief . . . .").

Washington, 466 U.S. 668, 687 (1984)). To show deficient performance, the defendant must establish "'that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms.'" Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) (quoting Strickland, 466 U.S. at 687-88); see also United States v. Gwyn, 481 F.3d 849, 853 (D.C. Cir. 2007). "Judicial scrutiny of counsel's performance must be highly deferential," and "[a] fair assessment of attorney performance requires that every effort be made to eliminate distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. The burden is on the defendant to prove his attorney's conduct was "unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).

To establish that counsel's deficient performance was prejudicial, a petitioner must "'demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Cassell, 530 F.3d at 1011 (quoting United States v. Eli, 379 F.3d 1016, 1019 (D.C. Cir. 2004)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome"; a defendant "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94. But, "[i]t is not enough for the defendant to show that [counsel's] errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet this test." Id. at 693. Rather, a defendant must establish that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

A.   Counsel's Failure to File a Motion Regarding Spadaro's Competency

Spadaro contends that Tucker "was prejudicially ineffective for failing to file a motion regarding Movant's incompetence to assist in preparing his defense." Pet'r's Mem. at 11. Spadaro, however, cannot carry his burden to demonstrate that Tucker's performance was deficient. The record reflects that in December 2004 -- six months prior to trial -- Tucker filed a statement with the Court documenting Tucker's concerns with Spadaro's mental condition. See Resp't's Opp'n to Pet'r's Mot. to Vacate ("Resp't's Opp'n"), Exhibit 2 (Counsel's Ex Parte Statement). In that statement -- filed without Spadaro's knowledge[3] -- Tucker notified the Court of his belief that "Mr. Spadaro's thought processes and demeanor have deteriorated to the extent that I believe a serious question does exist concerning his ability to meaningfully cooperate and work with counsel." Id. at 9. Tucker further related that although Spadaro "is technically competent to stand trial, [he] is nonetheless so mentally ill, irrational, paranoid and marginally competent as to call into question his ability to make decisions in his best interest." Id. at 12.

Tucker's ex parte statement, then, shared with the Court precisely the information that Spadaro asserts Tucker failed to share: that he was incompetent to assist in preparing his defense. Further, Tucker's observations regarding Spadaro's competency were not confined to Tucker's ex parte statement. Rather, on a number of occasions Tucker related his belief that Spadaro's mental state precluding him from assisting counsel. See, e.g., Trial Tr. vol. 4, 175:1-2, June 10, 2005 ("This man does not have a clue as to what's going on."); Trial Tr. vol. 5, 238:15-17, June 13,

---

[3] Tucker filed the statement without his client's knowledge because he believed "that filing a motion to determine his competency might be counterproductive to [his] already fragile relationship to the point that it would be virtually impossible to obtain any cooperation from him." Counsel's Ex Parte Statement at 1.

2005 ("I don't think he is actually competent to be representing himself based on what I'm seeing here."). Because Tucker in fact did exactly what Spadaro now alleges he failed to do, Spadaro cannot now claim that Tucker's performance "fell below an objective standard of reasonableness." Knowles, 129 S. Ct. at 1420 (quotation omitted).

    B.    <u>Counsel's Decision To Proceed to Trial Without Consulting Spadaro</u>

Spadaro also contends that Tucker was prejudicially ineffective because Tucker himself "ma[de] the decision to go to trial instead of pleading guilty." Pet'r's Mem. at 12; see also Pet'r's Mem., Aff. of Robert Spadaro, ¶ 4 ("One day, Counsel came into the interview room, accompanied by paralegal, Courtney Moore, and announced "we're going to trial."); id. at ¶ 5 ("Counsel allowed me no input into his decision . . . ."). But Spadaro's statements at trial contradict these assertions.

During the early stages of trial, Spadaro decided to forego counsel and represent himself. When making this decision, however, Spadaro noted that he was satisfied with the representation he had received:

> Mr. Spadaro: I would like to have a chance to express what I consider to be the truth, and it is the truth. Mr. Tucker and Ms. Jahn and their associate, Ms. Courtney Moore, <u>have been very excellent</u>.
>     In fact, Mr. Tucker and I have a different approach to how to handle this case, but I certainly appreciate the fact that he's willing to act as advisory capacity [sic].

Trial Tr. vol. 3, 10:4-10, June 9, 2005 (emphasis added). In explaining his decision to represent himself to the Court, Spadaro never suggested that he had been forced to go to trial. Indeed, Spadaro's most vigorous disagreement with Tucker was about trial strategy. See id.; see also Resp't's Opp'n. Exhibit 4 (Spadaro's Letter of Nov. 23, 2006 to the Federal Public Defender) ("I

ended up representing myself because I wanted all the research free and I knew my case was hopeless so I figured that I might as well have some fun, it was worth it."). And the Court similarly observed that Spadaro believed his representation was satisfactory:

> At no time did Dr. Spadaro indicate that he was interested in the appointment of substitute counsel, and he repeatedly affirmed that his decision [to represent himself] was based on considerations other than the quality of his representation, which again he had described as excellent.

Sentencing Tr., 14:23-15:2, Nov. 10, 2005.

The record, then, simply does not support Spadaro's claim that Tucker's performance was deficient. Accordingly, the Court need not hold an evidentiary hearing on Spadaro's claim that Tucker forced him to go to trial because he has failed to present non-self-serving affidavits "or other evidentiary support for the naked assertions contained in his motion." United States v. Taylor, 139 F.3d 924, 933 (D.C. Cir. 1998). Indeed, Spadaro's naked assertions are belied by his conduct and statements at trial. See United States v. Toms, 396 F.3d 427, 437 (D.C. Cir. 2005) (unnecessary to hold evidentiary hearing where judge deciding section 2255 motion presided at petitioner's trial and where petitioner "does not point to any information outside the record that would have substantially assisted the district court in its disposition").

Even assuming, moreover, that Tucker in fact decided to go to trial without Spadaro's input and concurrence -- which would constitute deficient performance -- Spadaro has not established that there is a "reasonable probability" he was prejudiced by this error. Spadaro contends that he suffered prejudice because he did not have an opportunity to consider seriously a government plea offer before going to trial. See Pet'r's Mem. at 12. Spadaro offers that had Tucker not decided to go to trial, Spadaro "would have accepted the [government's] ten-years' imprisonment plea offer." Id. But Spadaro "cites no evidence to indicate that prior to his

conviction he expressed any desire to plead guilty." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991). Instead, he relies only on the arguments in his memorandum supporting his section 2255 petition, and the statements offered in his attached affidavit.

This "after the fact testimony concerning [Spadaro's] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Id.; accord Taylor, 139 F.3d at 933 ("Summary disposition may also be appropriate where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion."); United States v. Pinkney, 543 F.2d 908, 916-17 (D.C. Cir. 1976) ("unsupported assertions" insufficient to make out a claim for ineffective assistance of counsel). Spadaro's argument in his memorandum in support of section 2255 relief "is self-serving and alone insufficient to establish that, but for counsel's advice, there is a reasonable probability that he would have accepted the plea." Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991). And absent any other evidence, the Court cannot proceed solely on the basis of appellant's unsupported assertions. See Pinkney, 543 F.2d at 917. Hence, Spadaro has not carried his burden to demonstrate that Tucker's alleged deficiencies prejudiced him.[4]

## CONCLUSION

For the foregoing reasons, the Court will deny Spadaro's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

---

[4] For the same reasons, even if Spadaro's habeas claim can be read to assert that Tucker was ineffective because Tucker did not explain "the benefits and pitfalls of going to trial compared with pleading guilty," Pet'r's Mem. at 12, Spadaro is unable to show a reasonable probability of prejudice. See Toro, 940 F.2d at 1068.

                                        /s/ John D. Bates
                                        JOHN D. BATES
                                        UNITED STATES DISTRICT JUDGE

Date: December 21, 2009